IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSUE AYALA,**

       **Plaintiff,**

v.                                                                                  **No. 13cv0004 WJ/LAM**

**CHARLES "TED" ASHBURY,**
a Bernalillo County Sheriff's Deputy,
**JOHN TOLBERT, and**
**YELLOW-CHECKER CAB COMPANY,**

       **Defendants.**

## ORDER GRANTING MOTION TO STAY DISCOVERY

**THIS MATTER** comes before the Court on *Defendant As[h]bury's Expedited [Opposed] Motion and Brief for an Order Staying Discovery Pending Resolution of the Qualified Immunity Defense*[1] *(Doc. 12)*, filed February 12, 2013. Plaintiff filed a response to the motion on March 5, 2013. [*Doc. 15*],and Defendant Ashbury filed a reply on March 20, 2013 [*Doc. 20*]. Having considered the motion, response, reply, record of the case, and relevant law, the Court **FINDS** that the motion is well-taken and shall be **GRANTED**.

Defendant Ashbury asks the Court to stay discovery in this case pending a ruling on his motion to dismiss based on qualified immunity (*Doc. 11*). [*Doc. 12* at 1]. Plaintiff objects to a stay of discovery because, in addition to Plaintiff's Section 1983 claims, which Plaintiff appears to concede are subject to a stay of discovery pending a ruling on a motion for qualified immunity,

---

[1] The Court notes that there are inconsistent spellings of Defendant Ashbury's name in this case. The Notice of Removal [*Doc. 1*], filed by counsel for Defendant Ashbury, uses the spelling "Ashbury," which is the spelling used on the Court's docket. In this motion, however, as well as in Defendant Ashbury's motion to dismiss on the basis of qualified immunity [*Doc. 11*], his name is spelled "Asbury." To be consistent, the Court will follow the spelling used on the Court's docket and instructs counsel to do the same. ***If that name is not correct, the Court further instructs counsel for Defendant Ashbury to file a motion to correct the docket.***

Plaintiff also brings claims against Defendant Ashbury under New Mexico common law and the New Mexico Tort Claims Act, which may not be subject to the doctrine of qualified immunity. [*Doc. 15* at 1-2]. Thus, Plaintiff contends that, even if his Section 1983 claims against Defendant Ashbury are dismissed, the case will still proceed with Plaintiff's state-law claims. *Id.* at 2. In his reply, Defendant Ashbury contends that Plaintiff's arguments are misplaced, and that this case is analogous to cases where discovery has been stayed as to all defendants, even if some of the defendants are not subject to an immunity defense. [*Doc. 20* at 3-5]. Defendant Ashbury contends that allowing discovery to proceed at this time as to Plaintiff's state-law claims would result in a piecemeal discovery process. *Id.* at 3. As support for this contention, Defendant Ashbury notes that all of the claims in this case "originate from one nexus," so, if Defendant Ashbury's qualified immunity motion is denied, the parties would have to restart the discovery process as to Plaintiff's federal claim. *Id.* at 5.

The Court finds that Plaintiff's opposition to this motion is without merit. Once a motion to dismiss or for summary judgment based on qualified immunity is filed, Defendants are entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman, et al. v. Jordan, et al.*, 958 F. 2d 332, 336 (10th Cir. 1992) ("[W]e reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation," *citing Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). The Court may allow discovery for Plaintiff to respond to the motion for summary judgment based on qualified immunity; however, Plaintiff must set forth in a Fed. R. Civ. P. 56(d) affidavit specifically what discovery is necessary, what the proposed discovery is likely to disclose, and precisely how the discovered evidence will assist Plaintiff in overcoming Defendants' prima facie showing of entitlement to summary judgment. *See Ben Ezra, Weinstein and Co., Inc. v. America Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)

(citing former Fed. R. Civ. P. 56(f), now codified as 56(d)).  Plaintiff has already responded to the motion for summary judgment and does not make any showing of a need for discovery in order to respond to the motion.  *See* [*Doc. 14*].

In addition, Plaintiff does not provide any support for his contention that discovery should not be stayed because Defendant Ashbury is subject to state-law claims that will proceed even if qualified immunity is granted on Plaintiff's Section 1983 claim against Defendant Ashbury.  The Court agrees with Defendant Ashbury that, since all of the claims in this case stem from the same incident or incidents, allowing discovery to proceed only as to Plaintiff's state-law claims may result in duplication of discovery efforts if Defendant Ashbury's qualified immunity motion is denied.  Moreover, if the Section 1983 claim against Defendant Ashbury is dismissed, the only remaining claims would be state-law claims, which may be remanded to state court if this Court declines to exercise supplemental jurisdiction over them.  If that were to happen, the parties may be subject to a different discovery schedule in state court which, again, may lead to duplicative discovery efforts.  The Court, therefore, finds that Plaintiff has failed to show why discovery as to all parties and claims should not be stayed pending a ruling on Defendant Ashbury's qualified immunity motion.

**IT IS THEREFORE ORDERED** that *Defendant As[h]bury's Expedited [Opposed] Motion and Brief for an Order Staying Discovery Pending Resolution of the Qualified Immunity Defense (Doc. 12)* is hereby **GRANTED** and discovery is stayed pending a ruling on Defendant Ashbury's motion to dismiss based on qualified immunity.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**