## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

JOSUE AYALA,

       Plaintiff,

     v.                                     No. 13cv0004 WJ/LAM

CHARLES "TED" ASHBURY,
a Bernalillo County Sheriff's Deputy,
JOHN TOLBERT, and
YELLOW-CHECKER CAB COMPANY,

       Defendants.


## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT ASBURY'S MOTION TO DISMISS COUNT II OF THE COMPLAINT, DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS, DENYING AS MOOT ALL REMAINING MOTIONS AND ORDER REMANDING CASE

THIS MATTER comes before the Court upon Defendant Asbury's Motion to Dismiss, filed March 5, 2013 (**Doc. 11**).   Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well-taken and shall be granted.   As a result of the Court's ruling on the instant motion dismissing the sole federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, denies as moot Defendant Yellow-Checker Cab Company's Motion for Judgment on the Pleadings (**Doc. 10**) and Defendant Asbury's Motion to Dismiss (**Doc. 28**), and remands this case back to state court.

## BACKGROUND

The complaint in this case alleges violations of federal constitutional rights and state tort law, and arises from an altercation involving a taxi cab driver and his fares, one of whom was Plaintiff.  It was initially filed on November 30, 2012 in Second Judicial District Court, County

of Bernalillo, State of New Mexico.  Defendants removed the case to federal court on January 3, 2013, based on federal question jurisdiction under 28 U.S.C. §1331.  The complaint alleges the following claims: False Arrest under the New Mexico Tort Claims Act, NMSA §41-4-12 (Count I); Fourth Amendment Unlawful Arrest (identified as Fourth Amendment "False Arrest" in the complaint) (Count II); Battery under the New Mexico Tort Claims Act (Count III); Defamation against Defendant Tolbert (Count IV); Malicious Abuse of Process against Defendant Tolbert (Count V); and Malicious Abuse of Process against Defendant Asbury (Count VI).

In this motion, Defendant Asbury seeks dismissal of Count II of the complaint.

## DISCUSSION

Plaintiff's complaint alleges the following facts.  On January 18, 2012, Plaintiff was out with a friend and called Yellow Cab for a taxi ride home.  They waited about one hour before the taxi arrived.  Defendant Tolbert was driving the taxi.  During the cab ride to Plaintiff's house along Central Avenue, the friend and Tolbert had an argument about the delay, and Tolbert told Plaintiff and his friend to get out of the vehicle.

After they all exited the vehicle, Tolbert punched Plaintiff's friend while Plaintiff stood next to him.  The friend defended himself and pushed Tolbert away from him, and Tolbert fell to the ground.  The altercation lasted just a few seconds.  The friend walked away and Plaintiff tried to pay Tolbert the $4.60 cab fare for the few blocks traveled, but Tolbert refused payment.

As Plaintiff began walking up Central Avenue toward his home, Tolbert followed him and called out to a group of Albuquerque police officers and Bernalillo County sheriff's deputies that Plaintiff had assaulted him and did not pay the cab fare.  He also told deputies that Plaintiff attacked him from behind and held him while the friend punched Tolbert in the face.  Defendant Asbury, a sheriff's deputy employed by the Bernalillo County Sheriff's Department, questioned

Plaintiff and discovered that Plaintiff's friend was the one who had the altercation with Tolbert. Asbury approached Plaintiff and said "let's play a little game," telling Plaintiff that if he gave the friend's name to the deputies, he could go home.  Plaintiff said nothing in response (he "exercised his right to silence").

Asbury arrested Plaintiff on charges of third degree felony robbery, and took Plaintiff to the Bernalillo County Metropolitan Detention Center where he was incarcerated for approximately twelve hours.  Plaintiff was eventually released on bond.   The criminal case against Plaintiff was dismissed at the arraignment for lack of probable cause.   According to the complaint, a storefront security camera which was "readily available" to Asbury clearly shows that Tolbert was unprovoked and attacked Plaintiff's friend.

## I.  Legal Standard

Defendant raises the defense of qualified immunity.  Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Once a defendant pleads qualified immunity, the burden shifts to the plaintiff to show both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred.  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).   A right is clearly established "if [t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*.  The challenged action need not have been previously declared unlawful, but its unlawfulness must be evident in light of existing law. *Beedle vs. Wilson*, 422 F.3d 1059 (10th Cir. 2005). This is generally accomplished when there is controlling authority on point or when the clearly established weight of authority from other

courts supports plaintiff's interpretation of the law.  *Id.*

The Court applies the same standard in evaluating the merits of a motion to dismiss in qualified immunity cases as to dismissal motions generally: a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party. *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Twombly*, 550 U.S. 544). The complaint must plead sufficient facts, taken as true, to provide plausible grounds that discovery will reveal evidence to support the plaintiff's allegations.  *Id.*

## II.    Analysis

Defendant Asbury contends that the complaint does not sufficiently allege facts stating a Fourth Amendment unlawful arrest claim.  Plaintiff claims that his arrest for third degree robbery, pursuant to NMSA 1978, §30-16-2, was effected without probable cause and carried out in retaliation of Plaintiff's exercise of his "right to silence."

Plaintiff has attached both the criminal complaint and the probable cause determination as Exhibits 1 and 2 to the response, but Defendant makes no mention of these exhibits in any of the pleadings.   As a general matter, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings.  *Alvarado v. KOB-TV, LLC.*, 493 F.3d 1210 (10th Cir. 2007).   However, notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the

4

documents' authenticity.  *Jacobsen v. Deseret Book Co*., 287 F.3d 936, 941 (10th Cir.2002).

The failure to convert a 12(b)(6) motion to one for summary judgment where a court does not

exclude outside materials is reversible error unless the dismissal can be justified without

considering the outside materials.  *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381,

1384 (10th Cir.1997).[1]

     The Court has noted these exhibits, but does not intend to consider them in order to

decide the instant motion.

A.    <u>Fourth Amendment Unlawful Arrest (Count II)</u>

     Plaintiff alleges that he was arrested without probable cause.   Defendants contend that

because the allegations in the complaint support a finding of probable cause, the Fourth

Amendment count should be dismissed.

     The Fourth Amendment to the Constitution guarantees "[t]he right of the people to be

secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,

shall not be violated, and no warrants shall issue, but upon probable cause."  *Oliver v. Woods*,

209 F.3d 1179, 1185-86 (10th Cir. 2000).   Under the qualified immunity standard, an officer

making a warrantless arrest is "entitled to immunity if a reasonable officer could have believed

that probable cause existed to arrest the plaintiff."  *Romero v. Fay*, 45 F.3d 1472, 1476 (10th

Cir.1995) (internal quotations omitted); *York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th

Cir. 2008).  "Qualified immunity also insulates the defendant who reasonably, albeit mistakenly,

---

[1]  The Court does not consider or rely on either of these exhibits in ruling on the instant motion.  Nevertheless, the criminal complaint proves interesting, as it gives an entirely different perspective on the events that transpired on the evening in question.  According to the criminal complaint, Tolbert picked up two passengers from the Copper Lounge about 11:30 p.m. on January 18, 2012, one of whom was Mr. Ayala (Plaintiff in this case).  Tolbert said that the two passengers were drunk and rowdy, and he pulled over and they refused to pay the cab fare.  Tolbert demanded payment, and Ayala attacked him from behind and his friend punched him in the face several times.  Both of them knocked Tolbert to the ground and left.  Tolbert identified Ayala to sheriff's deputies as Ayala was walking east on Central Avenue.  Ayala told sheriff's deputy Asbury that he and his friend had "complained about the service."  According to the document, Ayala said that Tolbert pulled over and they all got out of the car.  Ayala said that his friend "kicked his [Tolbert's] ass" and they both left without paying the fine.  Doc. 14, Exs.1 & 2.

concludes that there is probable cause." *Id.*

The Court's decision must turn on the allegations in the complaint, which are taken as true. The complaint alleges that as Plaintiff was walking away from the cab, Tolbert followed him, and called out to a group of sheriff's deputies that "Plaintiff had assaulted him and didn't pay the cab fare." Compl., ¶ 19. Tolbert told deputies that Plaintiff "attacked him from behind and held him while Plaintiff's friend punched Tolbert in the face." ¶ 20. Defendant Asbury arrested Plaintiff on charges of third degree felony robbery. ¶24.

Under NMSA 1978, §30-16-2, robbery consists of the theft of "anything of value" from the person of another or from the immediate control of another, by use or threatened use of force or violence. Plaintiff argues that there was no probable cause to believe that a robbery had occurred because Plaintiff did not take anything of value from Tolbert. He contends that at worst, the crime that was reported to Defendant Asbury was an aggravated battery, which is a misdemeanor. However, Asbury could not arrest Plaintiff for a misdemeanor unless it was committed in Asbury's presence. *See State v. Galloway*, 116 N.M. 8, 11 (Ct.App.1993) (Probable cause to justify a misdemeanor arrest exists when the facts and circumstances as observed by the officer through the officer's senses are sufficient to warrant an officer of reasonable caution to believe that an offense is occurring).

These arguments fail because Plaintiff ignores both the language in the robbery statute and the allegations in the complaint. The cab fare owed to Tolbert, under $5.00, was indeed meager. However, the phrase "anything of value" is defined in the robbery statutes as

> **any conceivable thing of the slightest value**, tangible **or intangible,** movable or immovable, corporeal or incorporeal, public or private. The term is **not necessarily synonymous with the traditional legal term "property."**

NMSA §30-1-12 (emphasis added).   This definition necessarily applies to the meaning of

"anything of value" in §30-16-2 as well, and would encompass money owed for services, regardless of the amount. *See Garcia v. Schneider, Inc*, 105 N.M. 234 (N.M.App.,1986) (all parts of an act relating to the same subject matter must be construed together as a consistent harmonious whole) (citation omitted); *cmp State v. Hernandez,* 134 N.M. 510, 514 (Ct.App. 2003) (court rejected defendant's argument that money was not "property" because it was not included in the statute, concluding that "[c]ommon sense supports the conclusion that 'anything of value' includes money."). Thus, according to the information given by Tolbert to Defendant Asbury, a "theft" of "anything of value" had occurred when Tolbert told Asbury that Plaintiff had refused to pay the cab fare.

The Court observes, without it being raised by either party, that the phrase "anything of value" has been considered a "generic, multipurpose statute." *See State v. Gutierrez*, 150 N.M. 232 (2011).[2] However, the sole question here is not whether the statute's language is ambiguous, but whether a reasonable officer in the circumstances as alleged in the complaint could reasonably conclude he had probable cause to arrest Plaintiff for robbery under New Mexico's statute, NMSA § 30-16-2.

Plaintiff also argues there was no probable cause to arrest on a charge of robbery because no force was used, but the allegations in the complaint refute that argument. The only information Defendant Asbury had to assess the situation was given to him by Defendant Tolbert, who told Asbury that Plaintiff had assaulted him. Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has

---

[2]  The phrase has been found to be ambiguous enough to warrant application of the *Blockburger* test to determine whether one statute is subsumed within the other for double jeopardy claims. *See State v. Gutierrez*, 150 N.M. 232 (2011) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). However, any ambiguity relating to the phrase "anything of value" has no import in this case; double jeopardy is not an issue.

committed or is committing an offense. *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir.1995).

The complaint asserts no facts which suggest that Tolbert's information was not reasonably

trustworthy.   Based on the information given by Tolbert and as alleged in the complaint (that

Plaintiff had assaulted him and refused to pay the cab fare), Defendant had probable cause to

believe that a crime had been committed.

**III.    Plaintiff's Remaining Claims**

A.    State Law Claims

    The remaining claims in Counts I, III, IV, V and VI are state law claims.  Pursuant  to 28

U.S.C. § 1367, the Court hereby declines to exercise supplemental jurisdiction over the

remaining state law claims in this lawsuit.  *See Smith v. City of Enid ex rel. Enid City Comm'n,*

149 F.3d 1151, 1156 (10th Cir.1998) ("When all federal claims have been dismissed, the court

may, and usually should, decline to exercise jurisdiction over any remaining state claims) (citing

28 U.S.C. §1367(c)(3)).  As a result of the Court declining to exercise supplemental jurisdiction,

the Court, sua sponte, remands this case back to the Second Judicial District Court from where

the case was removed.

B.    Defendant Yellow Cab's Motion for Judgment on Pleadings (Doc. 10) and Defendant

Asbury's Motion to Dismiss (Doc. 28)

    There are two other remaining motions.  First, Defendant Yellow Cab moves for

dismissal on the grounds that the complaint contains no fact alleging that Yellow Cab played any

part in any of Plaintiff's claims and second, Defendant Asbury moves for dismissal of Plaintiff's

Count I (false arrest), Count III (battery) and Count VI (malicious abuse of process).  The

remaining claims Plaintiff asserts against Defendant Yellow Cab and Defendant Asbury are

based on state law, and because the Court has declined to exercise supplemental jurisdiction over

these claims, the Court denies these two motions as MOOT.

## CONCLUSION

The Court finds and concludes that, based on the allegations in the complaint, Defendant Asbury was provided information which led him to believe that a crime had been committed. Based on that information, it was reasonable for Asbury to conclude that Plaintiff had committed robbery when he assaulted Mr. Tolbert and refused to pay cab fare.  Thus, viewing the allegations in the complaint as true, Asbury had probable cause to arrest Plaintiff and, therefore, Asbury is entitled to dismissal of Count II alleging Fourth Amendment unlawful arrest.

In the alternative, the Court finds and concludes that Defendant Asbury could have reasonably, albeit mistakenly, concluded that there was probable cause for the arrest based on the information he received from Mr. Tolbert and based on the language in New Mexico's robbery statute, NMSA §30-16-2.   Thus, Asbury would be qualifiedly immune from liability and on that basis, entitled to dismissal of Count II.

The Court also declines to exercise jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. §1367, denies as MOOT Defendant Yellow Cab's Motion for  Judgment on Pleadings (Doc. 10) and Defendant Asbury's Motion to Dismiss (Doc. 28), and remands this case back to state court.

**THEREFORE,**

**IT IS ORDERED** that Defendant Asbury's Motion to Dismiss **(Doc. 11)** is hereby GRANTED in that Count II of the complaint alleging Fourth Amendment unlawful arrest, is DISMISSED WITH PREJUDICE;

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims in Counts I, III, IV, V, and VI;

9

**IT IS FURTHER ORDERED** that Defendant Yellow Cab's Motion for Judgment on the Pleadings **(Doc. 10)** and Defendant Asbury's Motion to Dismiss **(Doc. 28)** are hereby DENIED AS MOOT based on the Court declining to exercise supplemental jurisdiction over Plaintiff's state law claims;

**IT IS FINALLY ORDERED** that as a result of the Court declining to exercise supplemental jurisdiction, this case is hereby REMANDED back to state court.

A Judgment and order of remand shall be entered separately.

_____

UNITED STATES DISTRICT JUDGE